Case 7:25-cv-00059   Document 81   Filed on 07/30/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:25-CV-59 |
| | § | |
| 2.859 ACRES OF LAND, MORE OR LESS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The United States initiated this civil action by filing a "Complaint in Condemnation," in which it seeks the "taking of property under the power of eminent domain," pursuant to the procedures set forth in 40 U.S.C. §§ 3113 and 3114. (Docket No. 1.) Specifically, the Government seeks to take approximately 2.859 acres of land in Starr County, Texas, for the purpose of constructing, installing, operating, and maintaining a border barrier. (Docket No. 1-1, at 4, 6.) Pending before the Court is the Government's "Opposed Motion . . . for Order of Immediate Possession," which has been referred to the undersigned. (Docket Nos. 63, 64.) After carefully considering the filings, record, and relevant law, and for the reasons set forth below, the undersigned concludes that the Government has met its statutory burden of showing its entitlement to the immediate possession of the property in question.

As such, the undersigned respectfully recommends that the Government's "Opposed Motion . . . for Order of Immediate Possession" (Docket No. 63) should be granted.[1]

---

[1] The Government has filed an "Advisory Regarding the Notice of Referral of Motion to Magistrate Judge." (Docket No. 80.) In its advisory, the Government argues—essentially—that "a Magistrate Judge may not enter a final order of possession in a condemnation action." (*Id.* at 2.) The

## I. BACKGROUND

On February 7, 2025, the Government initiated this civil action by filing a "Complaint in Condemnation." (Docket No. 1.) In this action, the Government seeks the "taking of property under the power of eminent domain"; specifically, 2.859 acres of land in Starr County, Texas. (Docket No. 1-1, at 6.) The Government asserts that "[t]he property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114." (*Id.* at 2.) As noted, the Government's stated purpose for the taking of this property, "is to construct, install, operate, and maintain border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain the border barrier." (*Id.* at 4.) In addition, "[t]he sum estimated as just compensation for the land being taken is THIRTY-TWO THOUSAND, TEN DOLLARDS AND NO/100 ($32,010.00)." (*Id.* at 19.) In its Complaint, the Government also identified "all persons who have or claim an interest in the property condemned." (*Id.* at 21-29.)

Pending before the Court is the Government's "Opposed Motion . . . for Order of Immediate Possession." (Docket No. 63.) In its motion, the Government "moves for an order requiring all Defendant(s) to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States." (*Id.* at 1.) As relevant here, the Government asserts that because it "has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property." (*Id.* at 4.) "More specifically, the United States needs immediate possession [of the property] in order to begin construction,

---

Government further asserts that "a magistrate judge may not award the Government possession of the condemned property via a § 636(b)(1)B) recommendation." (Docket No. 80-1, at 3.) While noting that the Government has not cited any controlling authority, the undersigned acknowledges the Government's legal position, as outlined in its advisory.

installation, operation and maintenance of a border barrier," which "is needed to improve security along the border of the United States." (*Id.* at 5.)

## II. ANALYSIS

### A. Relevant Law

The United States is authorized to acquire land for public use "by condemnation, under judicial process, [when its officer believes that] it is necessary or advantageous to the government to do so." *United States v. 1.04 Acres of Land, More or Less, Situate in Cameron County, Tex.*, 538 F. Supp. 2d 995, 1001 (S.D. Tex. 2008) (quoting 40 U.S.C. § 3113). The Declaration of Taking Act (DTA) "was enacted in 1931 and created a procedure to expedite the taking of title and possession of lands to enable the United States to begin construction work before final judgment." *Id.* at 1002. In addition,

> The DTA also: (i) sets out requirements for filing a declaration of taking and a deposit of estimated compensation; (ii) states when title in the interest sought will vest in the United States; and (iii) explains how interest on awards of just compensation are affected when the United States proceeds using a declaration of taking.

*Id.* at 1003 (citing 40 U.S.C. § 3114(a)-(e)).

Under the DTA, the Government must file a declaration of taking, which must include five statutorily required components:

> (1) a statement of the authority under which, and the public use for which, the land is taken;
> (2) a description of the land taken that is sufficient to identify the land;
> (3) a statement of the estate or interest in the land taken for public use;
> (4) a plan showing the land taken; and
> (5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

40 U.S.C. § 3114(a)(1)-(5). Once the declaration of taking is filed and the amount of just compensation is deposited with the Court, title to the property vests in the Government, the land

3

is condemned and taken, and the right to just compensation vests to those entitled. *Id.* at § 3114(b); *see also E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) ("In a DTA case the government exercises its right to immediate possession with minimal judicial oversight. Title and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit."). Upon "the filing of a declaration of taking," the Court may determine "the terms on which" the parties in possession must surrender possession to the Government. 40 U.S.C. § 3114(d)(l); *see also Sage*, 361 F.3d at 825 ("Although the district court fixes the time and any terms of the possession, the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay."). Further, compensation must be determined and awarded through the proceeding and established by judgment and the Court may order the money deposited be distributed upon application by the parties in interest. 40 U.S.C. § 3114(c)(1)-(2).

In addition, Rule 71.1 of the Federal Rules of Civil Procedure, enacted in 1951, "established a uniform set of procedures to govern all federal condemnation actions." *United States v. 1.04 Acres of Land*, 538 F. Supp. 2d at 1002 (citing *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 4 n.2 (1984)). In a condemnation proceeding, Rule 71.1 provides two options for the defendant to proceed. First, if a defendant has no objection or defense to the taking, then he "may serve a notice of appearance designating the property in which it claims an interest." FED. R. CIV. P. 71.l(e)(l). Second, if a defendant has objections or defenses to the taking, then the defendant must serve an answer within 21 days of receiving notice of the proceeding and must state all objections or defenses to the taking or they will be waived. FED. R. CIV. P. 71.l(e)(2)-(3). Any defenses raised are limited to challenging the Government's authority for the taking and

4

ensuring that Congress authorized takings for the stated purpose. *See United States v. 6.584 Acres of Land*, 533 F. Supp. 3d 482, 493-95 (S.D. Tex. 2021).

In any event, "at the trial on compensation, a defendant - whether or not it has previously appeared or answered - may present evidence on the amount of compensation to be paid and may share in the award." FED. R. CIV. P. 71.l(e)(3). Where "no party has demanded a jury trial," the "court determines [the amount of] just compensation." *United States v. 3 Acres of Land, More or Less, in San Diego Cnty., Cal.*, No. 22-CV-1325, 2023 WL 2468955, at *3 (S.D. Cal. Mar. 10, 2023). "The property owner bears the burden of proving just compensation," which "may not be predicated on speculative or conjectural potential." *3 Acres of Land*, 2023 WL 2468955, at *3.

**B.     Pending Motion for Order of Immediate Possession**

On February 7, 2025, the Government filed its "Declaration of Taking," which included all the required components per 40 U.S.C. § 3114. (Docket No. 2.) The Government described its Authority for the Taking" as follows:

> The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452, which appropriated the funds that shall be used for the taking.

(Docket No. 2-1, at 2); *see* 40 U.S.C. § 3114(a)(l). The stated "public purpose" for the taking was to "construct, install, operate, and maintain border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain the border barrier." (Docket No. 2-1, at 4.) The Government provided the legal description of the land sufficient to identify it. (*Id.* at 6-8); *see* 40 U.S.C. § 3114(a)(2). In addition, the Government provided a statement describing the estate taken and a plan showing the land. (Docket No. 2-1, at

5

10-17); *see* 40 U.S.C. § 3114(a)(3)-(4). Finally, the Government estimated just compensation for the taking at $32,010.00. (Docket No. 2-1, at 19); *see* 40 U.S.C. § 3114(a)(5). On March 3, 2025, the Government deposited $32,010.00 into the Registry of the Court, at which point it had fulfilled all of its requirements under the Declaration of Taking Act. (Docket No. 27.) As such, on that same date title to the property immediately vested in the Government. 40 U.S.C. § 3114(b)(l); *see also 6.584 Acres of Land*, 533 F. Supp. 3d at 495; *United States v. 4.587 Acres of Land*, No. 7:20-CV-425, 2021 WL 733770, at *2 (Feb. 25, 2021) ("In short, 'the filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.'" (internal quotation omitted)).

The Government has identified sixty-eight (68) parties with interests in the subject property. (*See* Docket No. 1-1, at 21-29; Docket No. 2-1, at 21-29; Docket No. 3-1, 21-29; Docket No. 77.) The majority of the parties have waived service. (*See* Docket Nos. 6-26, 28-42, 56-58.) For those parties whose service of process was returned "unexecuted," the Government filed a "Certificate of Commencement of Service by Publication," as well as a "Certificate of Service by Publication." (Docket Nos. 76, 79.) To date, only two parties have filed an answer (with objections) to the "Complaint in Condemnation." (*See* Docket Nos. 55, 65.) No other interested party has opposed the taking, and the deadline to oppose has passed.

As to the objections filed, for different reasons the parties "deny that Schedule 'F' of the Complaint accurately estimates just compensation for the property interest being acquired and call for strict proof thereof." (*Compare* Docket No. 65, at 2, *with* Docket No. 55, at 2-3.) Specifically, "Maria Raquel P. Oliva, individually and on behalf of the heirs of Trinidad Rodriguez," enumerate the following objections:

6

- The proposed taking will sever access to the remaining property, unless "a 16-foot access gate on the western edge of the condemned tract" is provided;

- The proposed taking will interfere with irrigation access to the property;

- The proposed taking will render the remaining portion of the land worthless;[2] and

- The government's estimated compensation "undervalues the property.

(Docket No. 55, at 1-2; *see also* Docket No. 65, at 2.)  Finally, some of the "Defendants demand a jury trial."  (*See* Docket No. 65, at 2-3.)  Although not directly addressing the merits of the objections, in its "Joint Discovery/Case Management Plan" the Government acknowledges that "Defendants (landowners) deny the determination and award for just compensation as set forth by the United States of America."  (Docket No. 78, at 2.)  The Government likewise recognizes that some of the Defendants have "made a request for [a] jury trial."  (*Id.* at 6.)  In any event, the stated objections involve precisely the types of issues, should they prove true, that will be addressed in the just compensation phase of the litigation.  Stated another way, Defendants fail to show that they will suffer immediate harm from the transfer of the property to the Government, pursuant to the DTA.

Therefore, because the Government has satisfied its statutory requirements under the DTA, the Government is entitled to immediate possession of the property.

---

[2] "When a portion of a parcel is condemned, just compensation is the difference between the fair market value of the whole parcel immediately before the taking and the fair market value of the remainder of the parcel after the taking."  *3 Acres of Land*, 2023 WL 2468955, at *3.

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Government's "Opposed Motion . . . for Order of Immediate Possession" (Docket No. 63) be **GRANTED**.[3]

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED this 30th day of July, 2025, in McAllen, Texas.

_____
NADIA S. MEDRANO
U.S. Magistrate Judge

---

[3] In addition, it is further recommended that the Government be instructed to confer with the parties and submit "proposed findings of fact and evidence" relating to the amount and distribution of just compensation as amicus curiae. *See United States v. 0.56 Acres of Land*, No. 20-CV-428, 2024 WL 1716587, at *3 (S.D. Cal. Apr. 22, 2024) (pointing to FED. R. CIV. P. 71.1 advisory committee's note to 1951 amendments, the Court noted that "United States Attorneys are expected to aid the court in such matters").